UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 22-20141
        Honorable Linda V. Parker

NILSON LOPEZ-CHILEL,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE

Defendant stands charged in a one count Indictment with unlawful reentry in violation of 8 U.S.C. § 1326(a). (ECF No. 13.) Prior to Defendant's initial appearance on March 7, 2022, the Government moved for pretrial detention, asserting that Defendant posed a serious flight risk. (ECF No. 3.) At Defendant's initial appearance, Magistrate Judge Elizabeth A. Stafford ordered that he be temporarily detained and scheduled a detention hearing for the following day. At the March 8 detention hearing, Magistrate Judge Stafford ordered Defendant detained pending trial, finding that the Government proved by a preponderance of the evidence that he presented a serious risk of flight. (ECF No. 12.)

The matter is now before the Court on Defendant's Motion for Immediate Release. (ECF No. 17.) The Government filed a response to the motion (ECF No.

19), and both parties also filed supplemental briefs (ECF Nos. 21, 23, 24). The Court held a motion hearing on April 14, 2022.

Defendant asserts two main arguments in support of his motion. To start, Defendant argues that his detention is unconstitutional because the Government failed to satisfy its burden to justify a detention hearing in the first instance. According to Defendant, where detention is not presumed, as is the case here, the Government is not entitled to a hearing unless it first demonstrates a substantial risk of a serious flight risk—or another circumstance warranting detention under 18 U.S.C. § 3142(f). Defendant asserts that the Government did not satisfy this burden through the "cookie-cutter" reasons it asserted for why Defendant poses a serious flight risk. Defendant's second argument is that those reasons also did not demonstrate by a preponderance of the evidence that he poses a serious risk of flight.

Because the facts do not support a finding that Defendant is a serious flight risk,[1] the Court finds it unnecessary to wade into his argument concerning the constitutionality of the detention hearing.[2]

---

[1] The Government has not argued that Defendant poses a risk to the safety of any other person or the community.

[2] The Court does agree with Defendant that a judicial officer does not address whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of any other person and the community unless the government first demonstrates, by a preponderance of the evidence, that the

2

## Legal Standard

Under the Bail Reform Act, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A judge's finding of dangerousness must be "supported by clear and convincing evidence." *Id.* § 3142(f)(2)(B). Risk of flight requires proof by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)). Nevertheless, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

The Bail Reform Act identifies factors a court must consider when deciding whether there are conditions of release that will assure the defendant's appearance and the safety of other persons and the community. *See* 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.*

---

defendant poses a serious risk of flight. What the Court is not deciding is whether that must be substantially shown before a detention hearing is held.

## Background & Analysis

Defendant, who is 22 years old, is a native and citizen of Guatemala with no lawful immigration status in the United States. He was first stopped while attempting to enter the United States illegally in January 2014, when he was fourteen years old. Immigration authorities released Defendant to the custody of his aunt in Detroit, Michigan, and then subsequently, on April 4, 2018, ordered him removed from the country. On January 6, 2019, Defendant was returned to Guatemala.

Defendant illegally returned to the United States shortly thereafter, and was arrested in Texas on May 31, 2019. On October 21, 2019, he pled guilty to unlawful reentry in violation of § 1326(a) in the District Court for the Southern District of Texas and was sentenced to time served. Ten days later, Defendant was again removed to Guatemala.

Defendant was arrested in Detroit on February 23, 2022, and subsequently charged in the instant matter. He was served with a Form I-871, Notice of Intent/Decision to Reinstate prior Order. He did not object to the decision to reinstate the prior order of removal. An ICE immigration detainer was filed.

The Government maintains that the prospect of deportation or removal from the United States presents an incentive to Defendant to voluntarily flee before trial. (ECF No. 19 at Pg ID 85 (citing cases).) If Defendant is released, transferred to

immigration custody, and removed before trial, the Government argues that he will not voluntarily present himself to a port of entry for future proceedings in this case. If he is not taken into immigration custody and removed, the Government argues that there is an incentive for him to abscond before conviction. The Government also relies on Defendant's lack of United States citizenship and repeated violations of the immigration laws to establish his flight risk.

As an initial matter, the cases cited by the Government do not support the conclusion that a risk of deportation, at least on its own, "presents an incentive to voluntarily flee before trial." (ECF No. 19 at Pg ID 85.) In *United States v. Arhebamen*, 69 F. App'x 683 (6th Cir. 2003), the Sixth Circuit affirmed the district court's pretrial detention of the defendant based on his history of fraudulent offenses, including an offense of failing to make an appearance while on bond. *Id.* at 684. The defendant in that case was not charged with illegal reentry but other crimes, including most relevantly, *the failure to appear* for sentencing in a prior criminal case. *Id.* at 683. In *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *2 (6th Cir. Mar. 18, 2020), the Sixth Circuit found support for the district court's conclusion that the defendant, who was facing racketeering charges, posed a flight risk where he "face[d] a lengthy sentence if convicted, ha[d] the potential for deportation, and ha[d] family abroad."

Finally, in *United States v. Casado-Hernandez*, Nos. 21-2091, 21-2092, 2021 WL 4344053 (10th Cir. Sept. 4, 2021), the Tenth Circuit affirmed the detention of the defendants who were facing illegal entry charges where the district court relied on a number of factors besides their immigration status to conclude that they posed a flight risk. *Id.* at *2-3. As to one defendant, the Tenth Circuit reasoned that the district court "found 'multiple reasons' beyond [the defendant]'s immigration status that supported its finding, 'including the strength of the current criminal case against [the defendant] and the prior felony [related to a smuggling conspiracy by undocumented persons]; not making himself available; the outstanding warrant; lack of family ties; and significant ties in Mexico just across the border." *Id.* at *4 (brackets in original omitted). With respect to the second defendant, the Tenth Circuit emphasized the district court's notation that he "has history that overshadows his immigration status." *Id.* (brackets omitted). This included the weight of the evidence against the defendant, his prior criminal history which included felony drug possession, misdemeanor drug possession, and disorderly conduct, his criminal activity while on probation, parole or supervision, a history of alcohol or substance abuse, and significant family or other ties outside the United States. *Id.* at *2, 4.

The present case is distinguishable. Defendant is charged with unlawful entry like the defendants in *Casado-Hernandez*. However, if the charge alone

6

warranted detention, Congress could have included it among the crimes for which detention is presumed, but it did not. *See* 18 U.S.C. § 3142(e)(3)(A)-(E). Defendant faces deportation but the Court does not believe that sweeping assumptions can, or should, be made that any defendant facing deportation poses a serious flight risk. A court must make an individualized determination in each case based on the facts presented, rather than stereotypes or blanket categorizations.

 Here is an individual who, since the age of fourteen, has repeatedly entered the United States to be with family in Detroit, despite repeated removals from the country. The only crimes for which he has been convicted in this country arise from his desire to reside here. His wife, son, sister, aunts, and uncles live in Detroit. He has limited family in Guatemala: a father who left when Defendant was young and a grandmother. Prior to his current detention, Defendant was employed in a well-paying job in this jurisdiction. These facts suggest that Defendant is unlikely to flee the jurisdiction voluntarily. Even if the Court accepted the notion that the "likelihood of removal after conviction presents an incentive for voluntarily fleeing before conviction[,]" (ECF No. 19 at 86 (emphasis removed) (quoting *Casado-Hernandez*, 2021 WL 4344053))—an assertion for which no supporting statistics are offered by the Government or recited in the cases

adopting it—the Court does not believe that this Defendant has an incentive to voluntarily flee before conviction.

The Government has not shown that Defendant's removal from the country is imminent due to the immigration detainer. Instead, the Government has asserted only that it is "likely." (ECF No. 3 at Pg ID 12.) In any event, the detainer does not show that Defendant would voluntarily flee if released in these proceedings. *See United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017) (agreeing with those courts concluding "that a risk of involuntary removal does not establish a 'serious risk that the defendant will flee' upon which pre-trial detention may be based") (quoting 18 U.S.C. § 3142(f)(2)(A)) (brackets omitted); *see also United States v. Soriano Nunez*, 928 F.3d 240, 245 n.4 (3d Cir. 2019) ("[T]he presence of an ICE detainer and the threat of potential removal alone are not sufficient to deny BRA pretrial release."). As a number of courts have explained, "[t]o show that there is a serious risk that a defendant will flee, the government must show that the defendant would seek leave through some type of *voluntary* act." *United States v. Marinez-Patino*, No. 11 CR 064, 2011 WL 902466, at *4 (N.D. Ill. Mar. 14, 2011) (emphasis added) (citing cases); *see also*; *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("As a number of district courts have persuasively explained, the risk of nonappearance referenced in . . . § 3142 must involve an element of volition.").

For these reasons, the Court concludes that neither the law nor the facts presented support Defendant's detention. Therefore, the Court is **GRANTING** Defendant's Motion for Immediate Release (ECF No. 17). Defendant shall be released on personal recognizance subject to the following conditions:

- Report to Pretrial Services as directed;

- Do not obtain a passport, enhanced identification, or other international travel documents;

- Restrict travel to the Eastern District of Michigan unless given previous consent by Pretrial Services;

- Refrain from engaging in assaultive or threatening behavior or any other unlawful conduct;

- Do not possess a firearm, destructive device, or other dangerous weapon

- Abstain from alcohol and the use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

- Submit to substance use testing as directed by Pretrial Services;

- Report within 24 hours to the Pretrial Services Office any contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 20, 2022